LEA PATRICIA L. FRANCISCO (CA State Bar No. 276812)
Deputy County Counsel
TOM BUNTON (CA State Bar No. 193560)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-5460
Facsimile: (909) 387-4069
E-Mail: lea.francisco@cc.sbcounty.gov
Attorneys for Defendant San Bernardino County

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.M., by and through her conservators CHARLES M. and TERRY M.; CHARLES M., | Case No. 5:23-cv-00712-SVW-SP |
| Plaintiff, | **DEFENDANT SAN BERNARDINO COUNTY'S  NOTICE OF RULE 41(b) MOTION AND MOTION FOR INVOLUNTARY DISMISSAL; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| COUNTY OF SAN BERNARDINO; FAMILY ASSISTANCE PROGRAM; STELLA MARIS GROWTH CENTER; STATE OF CALIFORNIA; and DOES 1 through 25, inclusive, | Date:  April 22, 2024 Time:  1:30 p.m. CTRM:  10A |
| Defendants. | Judge Stephen V. Wilson Magistrate Judge Sheri Pym |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 22, 2024, at 1:30 PM, before the Honorable Stephen V. Wilson at 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 10A, Defendant San Bernardino County (hereinafter "the County") will

move the Court for an order dismissing Plaintiff E.M.'s ("Plaintiff") entire action herein pursuant to Federal Rule of Civil Procedure 41(b).

On May 16, 2023 at the initial status conference, this court bifurcated and stayed Plaintiff's state claims.  Dkt. 17.  On September 18, 2023, this court remanded Plaintiff's state claims against Defendant Chastella Inc. dba Stella Maris Growth Center to state court.  Dkt. 44.  Accordingly, in this instant Motion, the County does not challenge any state claim for relief and reserves on its ability to do so should the stay be lifted.  This Motion will be made and based on the following grounds:

1.    Plaintiff has failed to file a Sixth Amended Complaint in conformity with the Court's Order on February 14, 2024, Dkt. 59.

This motion is made following the conference of counsel pursuant to C.D.C.A. Local Rule 7-3, which occurred on March 5, 2024 with counsel for the County, Lea Patricia L. Francisco and counsel for Plaintiff, Joseph L. Richardson.  Plaintiff's Counsel indicated that Plaintiff did not intend to further amend the complaint in federal court despite the Court's grant of leave to amend.  As a result, the County now brings this matter before the Court to be ruled upon.

This Motion is made and based upon the Fifth Amended Complaint, the Court's Order on February 14, 2024, Dkt. 59, the Court file, the State Court file, the Memorandum Points and Authorities submitted here within, the hearing on this matter, and any matters upon which the Court may take judicial notice.

DATED: March 18, 2024                TOM BUNTON
                                     County Counsel


                                     By: /s/ Lea Patricia L. Francisco
                                     LEA PATRICIA L. FRANCISCO
                                     Deputy County Counsel
                                     Attorneys for Defendant San Bernardino County

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This lawsuit arises from alleged sexual assault and sex trafficking of Plaintiff from 2021 to 2022 during her placement at Defendant Stella Maris Growth Center (hereinafter "Stella Maris") and Our House Youth Shelter (hereinafter "Our House"), which is operated by Defendant Family Assistance Program (hereinafter "FAP").

On May 16, 2023 at the initial status conference, this court bifurcated and stayed Plaintiff's state claims. Dkt. 17. On August 28, 2023, the Court granted Defendant San Bernardino County's (hereinafter the "County") Motion to Dismiss with fourteen-days leave to amend. Dkt. 37. Following meet and confer efforts and amendments, Plaintiff's Fifth Amended Complaint (hereinafter "FAC") again asserted the following federal claims against the County: Plaintiff's fourth claim for relief for "Violation of Civil Rights 42 U.S.C. 1983" and fifth claim for relief for "*Monell*-Related Claims". Dkt. 27. On September 18, 2023, this court remanded Plaintiff's state claims against Defendant Chastella Inc. dba Stella Maris Growth Center to state court. Dkt. 44.

On February 14, 2024, the Court again granted Defendant's Motion to Dismiss with thirty-days leave to amend. Dkt. 59. However, during a meet and confer conference on March 5, 2024, Plaintiff's Counsel indicated that Plaintiff did not intend to further amend the complaint in federal court despite the Court's grant of leave to amend. To date, Plaintiff has not filed a Sixth Amended Complaint and the time to do so has lapsed. Additionally, Plaintiff has not filed a notice of dismissal. Accordingly, the County respectfully requests that this Court grant this instant Motion for Involuntary Dismissal for Plaintiff's failure to file a Sixth Amended Complaint. To the extent any state claims remain in this action, the state claims should be remanded to state court.

///

///

///

DEFENDANT SAN BERNARDINO COUNTY'S NOTICE OF RULE 41(b) MOTION AND MOTION FOR INVOLUNTARY DISMISSAL

## II.

## STATEMENT OF FACTUAL ALLEGATIONS

Plaintiff's father and stepmother, Charles and Terry M. voluntarily surrendered Plaintiff to the County due to her mental health.  Dkt. 42 ¶¶ 19, 25.  The County assured Plaintiff's parents that it would place Plaintiff in a safe, structured, and compassionate environment.  Dkt. 42 ¶¶ 25, 27.

In August 2021, Plaintiff was placed temporarily at Our House.  Dkt. 42 ¶ 24.  On August 24, 2021, Plaintiff was placed at a Stella Maris group home with a short-term residential therapeutic program (STRTP). Dkt. 42 ¶ 26.  Stella Maris was a facility capable of handling children like Plaintiff.  Dkt. 42 ¶¶ 27, 28.

On March 7, 2022, Plaintiff disclosed to Terry that she was having "sex for money" and "not by choice".  Dkt. 42 ¶ 29.  Additionally, Plaintiff informed Terry that she experienced drug and alcohol use and "drunk sex" at Our House. Dkt. 42 ¶¶ 30-32.  Our House staff members were aware of such conduct, but "failed to share that information with [the County]."  Dkt. 42 ¶ 32.

Further, at Stella Maris, Plaintiff was sex trafficked and assaulted by nonparty Mike Williams and "Trap Zilla".  Dkt. 42 ¶¶ 33-37.  Stella Maris staff members did not question Plaintiff about her AWOL status.  Dkt. 42 ¶ 34.  At some point, Stella Maris staff informed Terry that they found a guy with Plaintiff.  Dkt. 42 ¶ 40.  However, Stella Maris did not disclose any sexual assault or "prostituting" and did not report the alleged incidents.  Dkt. 42 ¶¶ 40, 43, 50, 51. Thereafter, Terry contacted Plaintiff's social worker.  Dkt. 42 ¶¶ 48, 55.  Following Terry's disclosure to the County, Plaintiff was removed from Stella Maris.  Dkt. 42 ¶ 55.

## III.

## LEGAL STANDARD

Under Rule 41(b), a defendant may move to dismiss for Plaintiff's failure to prosecute or comply with a court order.  Fed. R. Civ. P. 41(b). Specifically, Rule 41(b) provides for involuntary dismissal:

4

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

In exercising its discretion on a motion to dismiss under Rule 41(b), the court is required to weigh certain factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the public policy favoring disposition of cases on the merits; and 5) the availability of less drastic measures. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Notably, the Ninth Circuit has held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure to prosecute. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991). Moreover, a trial court does not abuse its discretion when it dismisses a case under Rule 41(b) after a Plaintiff fails to amend a complaint within the time proscribed by the Court. *Toyota Landscape Company, Inc. v. Building Material and Dumpt Truck Local 420, et al.*, 726 F.2d 525, 528 (9th Cir. 1984).

## IV.

## DISMISSAL WITH PREJUDICE IS WARRANTED

Here, this Court has already granted Plaintiff leave to amend twice, and Plaintiff has already amended her complaint five times. Most recently, on February 14, 2024, the Court granted the County's Motion to Dismiss with thirty-days leave to amend. During a meet and confer conference on March 5, 2024, Plaintiff's Counsel indicated that Plaintiff did not intend to further amend the complaint in federal court despite the Court's grant of leave to amend. Indeed, to date, Plaintiff has not filed a Sixth Amended

Complaint and the time to do so has lapsed.  Additionally, Plaintiff has not filed a notice of dismissal.  Plaintiff has failed to prosecute her federal claims diligently and has essentially abandoned her federal claims. Accordingly, involuntary dismissal with prejudice is warranted.

## V.

## CONCLUSION

Based on the foregoing, the County respectfully requests this Court to grant this instant Motion, remand all state claims to state court, and dismiss Plaintiff's entire action with prejudice.

DATED: March 18, 2024                    TOM BUNTON
                                         County Counsel


                                         By: */s/ Lea Patricia L. Francisco*
                                         LEA PATRICIA L. FRANCISCO
                                         Deputy County Counsel
                                         Attorneys for Defendant San Bernardino County

DEFENDANT SAN BERNARDINO COUNTY'S NOTICE OF RULE 41(b) MOTION AND MOTION FOR INVOLUNTARY DISMISSAL

## <u>CERTIFICATION OF LEA PATRICIA L. FRANCISCO</u>

I, LEA PATRICIA L. FRANCISCO, hereby declare:

1.    I am an attorney at law licensed to practice before the United States District Court, Central District of California.  I am Deputy County Counsel at the Office of County Counsel for Defendant San Bernardino County.  I am familiar with and have personal knowledge concerning the matters set forth herein, and if called to testify, I would competently testify to the following:

2.    I certify that the parties thoroughly discussed each and every issue raised in this instant Motion, and attempted in good faith to resolve the motion in whole or in part. On March 5, 2024, I discussed the case status and possible dismissal with Plaintiff's counsel Joseph L. Richardson by video conference and e-mail correspondence.  Plaintiff's Counsel indicated that Plaintiff did not intend to further amend the complaint in federal court despite the Court's grant of leave to amend.

*/s/ Lea Patricia L. Francisco*
LEA PATRICIA L. FRANCISCO

DEFENDANT SAN BERNARDINO COUNTY'S NOTICE OF RULE 41(b) MOTION AND
MOTION FOR INVOLUNTARY DISMISSAL