### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES - GENERAL

| Case No. | 5:23-cv-00712-SVW-SP | Date | April 25, 2024 |
|---|---|---|---|
| Title | *E.M. et al v. County of San Bernardino et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**       ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [60]

On April 21, 2023, Defendant County of San Bernardino (the "County") removed Plaintiff's complaint from the Superior Court of the State of California, County of San Bernardino to this federal court. On May 16, 2023, the Court held an initial status conference and bifurcated Plaintiff's state claims. ECF No. 17. Plaintiff's complaint was subsequently amended several times. ECF Nos. 19, 24, 27. On July 28, 2023, the County filed a motion to dismiss. The Court took this matter under submission and granted the County's motion to dismiss on August 28, 2023. ECF Nos. 36–37. The Court granted Plaintiff 14 days to file an amended complaint. ECF No. 37. Plaintiff filed her fifth amended complaint on September 11, 2023. ECF No. 42. The County filed a motion to dismiss that complaint on September 25, 2023. ECF Nos. 47, 49. The Court held a status conference on October 2, 2023. ECF No. 53. The Court took the County's motion under submission on October 23, 2023. ECF No. 58. On February 14, 2024, the Court granted the County's motion and granted Plaintiff 30 days to amend her complaint. ECF No. 59. On March 19, 2024, the County moved to dismiss this case in its entirety pursuant to Rule 41(b). ECF No. 60. Plaintiff filed a notice of non-opposition. ECF No. 61.

Rule 41(b) reads as follows: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00712-SVW-SP | Date | April 25, 2024 |
|----------|----------------------|------|----------------|
| Title | *E.M. et al v. County of San Bernardino et al.* | | |

Plaintiff has consented to the granting of the County's motion. This consent is clearly indicated in Plaintiff's filing of a notice of non-opposition. Moreover, Plaintiff's failure to file an amended complaint constitutes consent to that motion. *See* L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to F.R.Civ.P. 56 may not be granted solely based on the failure to file an opposition.").

"Unlike when considering motions for summary judgment, district courts are not required to examine the merits of an unopposed motion to dismiss before granting it." *Koonce v. MGM Grand Hotel, LLC*, No. 2:22-cv-02061-CDS-DJA, 2024 U.S. Dist. LEXIS 61030, at *2 (D. Nev. Apr. 3, 2024) (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)). Instead, before granting an unopposed motion to dismiss, a "district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The first factor always weighs in favor of dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The fourth factor weighs against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors . . . ." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Here, Factors 1, 2, and 3 weigh in favor of dismissal of the case. Factor 4, as always, weighs against dismissal. And lastly, factor 5 is neutral in this instance because Plaintiff has consented to the dismissal of her case.

Therefore, Plaintiff's case is DISMISSED WITH PREJUDICE. All bifurcated state claims are REMANDED to the state court.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | PMC |